**410**

317 S.E.2d 174

**T.C.B.**

v.

**H.A.B.**

No. 16202.

Supreme Court of Appeals of West Virginia.

June 13, 1984.

Leo Catsonis, Charleston, for appellant.

Robert H. Burford, Beckett, Burford & James, Huntington, for appellee.

NEELY, Justice:

The mother of a minor child appeals a final order of the Circuit Court of Cabell County which granted the appellee father custody of their four-year-old daughter. The mother contends that the findings upon which the lower court based its award were erroneous, and without basis in the law or the evidence. We disagree, and affirm.

The parties were married in 1978 and divorced in 1980, by order of the Circuit Court of Cabell County. The court originally granted the father custody of their infant daughter, and the mother appealed. Because the trial court made no findings of fact or conclusions of law on the issues of which parent was the primary caretaker and whether that person was a fit parent, we remanded the case with directions to comply with the requirements of *Garska v. McCoy*, 167 W.Va. 59, 278 S.E.2d 357 (1981) and Rule 52(a) of the *West Virginia Rules of Civil Procedure*. *Bills v. Bills*, 170 W.Va. 707, 296 S.E.2d 348 (1982).

On remand, the trial court made the following findings of fact and conclusions of law during a hearing on April 14, 1983:

First, I will find factually that the plaintiff herein, [T.C.B.], prior to the separation, during the marriage, did on numerous and regular occasions leave her baby in her trailer by itself and meet with a neighbor and smoked pot and otherwise spent time with that person away from the baby and leaving the baby by itself. In addition, I would find that she, on at least one occasion, as is in the evidence, had sexual intercourse with a man in a drunken condition in a trailer next-door to where her husband babysitted with her child at a party one night. I would further find from the evidence factually that she and her husband were jointly the primary caretakers in this case, that each contributed to the care and caretaking on an equal basis. I would, as a matter of law, find that the primary caretaker rule does not apply under those circumstances, but if it did, that—oh, wait. I find again that this plaintiff factually did, on at least one occasion, go on a camping trip with a man other than her husband. I would find, as a matter of fact, that her lifestyle and attitude toward her child and care and attention of her child is such that would render her unfit to have the custody of her child. I would also make that same finding as a matter of law, and also find that from the evidence in this case it would certainly be in the best interests of this child that this child be in the custody of the defendant.

The lower court also found that the father was fit to have custody, and by order of July 25, 1983 awarded him custody of the child, granting visitation rights to the mother.

The mother now seeks reversal of this decision, contending that under *Garska* she had been the primary caretaker, and the trial court's finding that she was unfit to have custody was contrary to law and unsupported by the evidence.

■ The primary caretaker presumption is found in syllabus point 2 of *Garska*:

With reference to the custody of very young children, the law presumes that it is in the best interests of such children to be placed in the custody of their primary caretaker, if he or she is fit.

However, syllabus point 5 of *Garska* also provides:

If the trial court is unable to establish that one parent has clearly taken primary responsibility for the caring and nurturing duties of a child neither party shall have the benefit of the primary caretaker presumption.

■ In the case before us, the trial court found that the parties had contributed to the care of their daughter on an equal basis, and refused to apply the primary caretaker rule. Although the evidence was conflicting, it basically showed that the appellant took care of her daughter during the day while the appellee was at work, and that he cared for the child in the evenings while she went out.

In a divorce suit the finding of fact of a trial chancellor based on conflicting evidence will not be disturbed on appeal unless it is clearly wrong or against the preponderance of the evidence. [Citations omitted.]

Syllabus, *Fizer v. Fizer*, 172 W.Va. 404, 310 S.E.2d 465 (1983). We cannot say that the trial court's finding that the parties were joint primary caretakers was clearly wrong or against the preponderance of the evidence.

■ Where a court finds that the primary caretaker presumption is inapplicable, it "must proceed to inquire further into relative degrees of parental competence." *Garska*, 167 W.Va. at 70, 278 S.E.2d at 363. In determining which parent is better suited to have custody, the court must determine what is in the best interests of the child. *See W.Va.Code* 48-2-15 [1980]; *Dempsey v. Dempsey*, 172 W.Va. 419, 306 S.E.2d 230, 231 (1983). In the case before us, the court found that it would be in the best interests of the child to be in the custody of the appellee.

The appellant, however, contends that the lower court deprived her of custody because of sexual misconduct, contrary to our decisions in *J.B. v. A.B.*, 161 W.Va. 332,

242 S.E.2d 248 (1978); *S.H. v. R.L.H.*, 169 W.Va. 550, 289 S.E.2d 186 (1982); and *Porter v. Porter*, 171 W.Va. 157, 298 S.E.2d 130 (1982). In those cases, we said that a mother's sexual misconduct, without a showing that it has a deleterious effect upon the child, cannot be the basis for a finding that she is unfit to have custody. Had the lower court based its finding that the appellant was unfit on her extramarital relationships alone, it would have been in error. However, the court found that these relationships, as well as the appellant's attitude and conduct toward her child, rendered her unfit to have custody.

 Record testimony supports the court's finding that the appellant left the child alone on numerous occasions while visiting in the trailer next door. In addition, there was testimony that the appellant frequently left her husband and daughter at home while she went out with her friends, and on one occasion disappeared for a week without notifying her husband of her whereabouts or arranging for her daughter's care.

In a contest involving the custody of infant children, their welfare is the guiding principle by which the discretion of the trial court will be controlled and on appeal, its determination of custody will not be set aside unless there was a clear abuse of discretion.

Syl pt. 4, *Murredu v. Murredu*, 160 W.Va. 610, 236 S.E.2d 452 (1977). *See also* syl. pt. 1, *Porter v. Porter, supra.*

Although we are not prepared to hold that the appellant is an unfit mother, we find no abuse of discretion in the trial court's award of custody to the appellee. Accordingly, the judgment of the Circuit Court of Cabell County is affirmed.

Affirmed.