344 S.E.2d 630

**Patricia Jane BICKLER**

v.

**Dennis Alvin BICKLER.**

No. 16508.

Supreme Court of Appeals of
West Virginia.

April 3, 1986.
Dissenting Opinion June 4, 1986.

**408**

Brough A. Jones, W.Va. Legal Services Plan, Clarksburg, W.Va., for appellant.

Paul M. Cowgill, Jr., West Union, W.Va., for appellee.

PER CURIAM:

This is an appeal from a final order of the Circuit Court of Doddridge County, entered July 27, 1984, which granted the parties a divorce. The appellant, Patricia Jane Bickler, appeals from that portion of the divorce decree which awarded the appellee, Dennis Alvin Bickler, custody of the parties' minor child. We conclude that the lower court abused its discretion in making the custody award, and we reverse that part of the circuit court's order.

The parties to this action were married in August 1978 and had one child, a daughter, born in June 1979. In September 1982, the appellant left the marital residence in Doddridge County and moved with the child to Clarksburg, Harrison County. She subsequently instituted divorce proceedings in the Circuit Court of Doddridge County on the ground that she and her husband had been living separate and apart for more than a year. The appellee did not contest the divorce. Both parties sought custody of their daughter.

A final hearing on the issue of custody was conducted before the circuit court on April 17, 1984. Much of the testimony concerned the fact that shortly after moving to Clarksburg, the appellant had begun sharing living quarters with a man named Carpenter, the brother of one of the appellant's girlfriends who had recently separated from his wife. The appellant and Carpenter both testified that they had entered into this living arrangement for purely economic reasons and that there had never been any romantic involvement or sexual relationship between them. The appellee asserted that the relationship was immoral. At the conclusion of the hearing, the court took the matter under advisement.

In the final divorce decree, the circuit court found that the appellant had been the child's primary caretaker prior to the institution of the divorce action. The court also found, however, that since moving to Clarksburg the appellant had engaged in an adulterous relationship with Carpenter. The court concluded that the best interests of the child would be served by removing the child from the home in which the adulterous relationship was being maintained and awarded custody to the appellee. It is from this order that the appellant prosecutes this appeal.

The law governing initial child custody awards in divorce proceedings was stated in syllabus points 2 and 6 of *Garska v. McCoy,* 167 W.Va. 59, 278 S.E.2d 357 (1981):

> With reference to the custody of very young children, the law presumes that it is in the best interest of such children to be placed in the custody of their primary caretaker, if he or she is fit.

> In a divorce proceeding where custody of a child of tender years is sought by both the mother and father, the court must determine in the first instance whether the primary caretaker is a fit parent, and where the primary caretaker achieves the minimum, objective standard of behavior which qualifies him or her as a fit parent, the trial court must award the child to the primary caretaker.

The unfitness of the primary caretaker to have custody of a child of tender years must be shown by a clear preponderance of the evidence. *Allen v. Allen,* 173 W.Va. 740, 320 S.E.2d 112 (1984). *See also J.B. v. A.B.,* 161 W.Va. 332, 242 S.E.2d 248 (1978); *Rohrbaugh v. Rohrbaugh,* 136 W.Va. 708, 68 S.E.2d 361 (1951).

The circuit court here found that the appellant was the primary caretaker. On appeal, the appellee contends that this finding was erroneous. The evidence on this issue consisted primarily of the testimony of the appellant and her mother, who asserted that the appellee abdicated to the

appellant all responsibility for tending to the child's daily needs, refusing even to babysit, and the testimony of the appellee and his sister, who asserted that the appellee had participated equally in the care and rearing of his daughter.

"In a divorce suit the finding of fact of a trial chancellor based on conflicting evidence will not be disturbed on appeal unless it is clearly wrong or against the preponderance of the evidence." Syllabus Point 3, *Taylor v. Taylor*, 128 W.Va. 198, 36 S.E.2d 601 (1945). After reviewing the evidence, we cannot say that the trial court erred in finding that the appellant was the primary caretaker. Accordingly, she was entitled to the benefit of the primary caretaker presumption, if she was a fit person to have custody.

Although the circuit court made no express finding that the appellant was an unfit parent, it is apparent that the circuit judge believed her to be unfit because she was found guilty of adultery. Even if we assume that the adulterous relationship did, in fact, exist,* we have repeatedly held that a circuit court may not base a finding of parental unfitness solely on the ground that the parent is guilty of sexual misconduct.

Acts of sexual misconduct by a mother, albeit wrongs against an innocent spouse, may not be considered as evidence going to the fitness of the mother for child custody unless her conduct is so aggravated, given contemporary moral standards, that reasonable men would find that her immorality, *per se*, warranted a finding of unfitness because of the deleterious effect upon the child of being raised by a mother with such a defective character.

Syllabus Point 4, *J.B. v. A.B., supra. See also Stacy v. Stacy*, 175 W.Va. 247, 332 S.E.2d 260 (1985); *T.C.B. v. H.A.B.*, 173 W.Va. 410, 317 S.E.2d 174 (1984); *S.H. v. R.L.H.*, 169 W.Va. 550, 289 S.E.2d 186 (1982).

In this case there is nothing to indicate that the appellant was guilty of such gross immorality as would overcome the primary caretaker presumption or that her relationship with Carpenter had a deleterious effect on the child. There was no evidence that the appellant engaged in sexual activity in the presence of her daughter or that she neglected the child because of her relationship with Carpenter. Indeed, even the appellee admitted that the appellant was a good caretaker, and that his daughter had always appeared well-fed and well-groomed since moving to Clarksburg. Nor is there any evidence that Carpenter mistreated the child or that she disliked or was afraid of him.

In sum, it appears that there was no evidence of unfitness on the part of the appellant which would justify denying custody to the primary caretaker.

The exercise of discretion by a trial court in awarding custody of a minor child will not be disturbed on appeal unless that discretion has been abused; however, where the trial court's ruling does not reflect a discretionary decision but is based upon an erroneous application of the law and is clearly wrong, the ruling will be reversed on appeal.

Syllabus Point 2, *Funkhouser v. Funkhouser*, 158 W.Va. 964, 216 S.E.2d 570 (1975). The lower court's custody award was based on an erroneous application of the law and was clearly wrong.

Accordingly, for the reasons stated herein, we conclude that the Circuit Court of Doddridge County erred in awarding custody of the parties' infant daughter to the appellee, and we reverse the child custody provisions of the divorce decree entered by that court on July 27, 1984. The case is remanded to the circuit court for such further proceedings as may be necessary to resolve the issues of child support and the father's visitation rights.

Reversed and remanded.

* We note, that the evidence that a sexual relationship existed between the appellant and Carpenter was far from convincing. Moreover, the circuit judge indicated at the hearing a predisposition to disbelieve any assertion that a man and a woman would share living quarters without engaging in sexual relations.

BROTHERTON, Justice dissenting:

I respectfully dissent from the majority opinion.

In matters of child custody this Court will not disturb the decree of the trial judge unless there is a showing of an abuse of discretion. *See, e.g., Stout v. Massie,* 140 W.Va. 731, 88 S.E.2d 51 (1955). I see no abuse of discretion in this case.

In *Porter v. Porter,* 171 W.Va. 157, 298 S.E.2d 130 (1982), we held that where one parent has been awarded custody of a minor child by the court and that parent undertakes a relationship with another adult this constitutes a sufficient change of circumstance to warrant re-examination of child placement but does not raise any per se presumption against continued custody in the parent originally awarded custody. In this case the appellant was sharing living quarters with a man named Carpenter.[1] The trial court found that this relationship had a negative effect on the child and changed custody to the father.[2]

I fear that this Court is letting a new morality blind ourselves to the fact that a new adult moving into the family can create many changes in a child's life, some of which do not create an atmosphere which is beneficial to the well being of the child. This Court should give the trial judge much discretion in making custody decisions in these circumstances based on the facts of the individual cases and not on blanket rules. I would have yielded to the judge's discretion in this case and affirmed.

Therefore, I respectfully dissent.

I am authorized to state that McHUGH, J., joins me in this dissent.

---

1. The appellant claimed that the sharing of living quarters was merely for economic reasons.

2. The majority found the sharing of living quarters to be far from convincing evidence that a sexual relationship existed between the appellant and Mr. Carpenter. While not absolute proof, a man and a woman of similar age living together is certainly evidence of a sexual relationship and would at least be strong enough that the trial judge could base an opinion on it.