367 S.E.2d 782

**Melinda Carpenter GOETZ**

v.

**Danny Richard CARPENTER.**

No. 16961.

Supreme Court of Appeals of West Virginia.

April 1, 1988.

**PER CURIAM:**

This case is before the Court upon the appeal of Melinda Goetz from an order entered by the Circuit Court of Marion County which found that while Ms. Goetz was the primary caretaker of the parties' two infant daughters, custody would be awarded to the appellee father, Daniel Carpenter. The appellant contends that the trial judge was clearly wrong in determining that while the appellant is the primary caretaker, she does not meet the minimum objective standard of behavior as a fit parent. We agree and reverse.

The appellant and appellee were married in 1980 and resided in Fairmont, West Virginia. They have two female children, currently ages 6 and 4. In 1985 the couple divorced. During this period, the wife, appellant, was admitted to a hospital due to severe weight loss precipitated by depression associated with the divorce. During her stay in the hospital, she expressed thoughts of suicide. Hospital personnel did not take any suicide precautions. She was discharged with a good prognosis and participated in group therapy.

The appellant, with temporary custody of her daughters, moved several times, eventually locating in the State of Louisiana. She also dated two men during the divorce proceeding. One month before the trial court's final order concerning custody, she married one of the men, John Goetz. The appellant and Goetz intended to remain in Louisiana. Counsel for both parties have informed this Court that while pending appeal, the appellant has divorced Goetz and returned to Fairmont, West Virginia.

The appellee husband sought custody of the two daughters, alleging that the appellant was suicidal and the children had seen Goetz in a T-shirt and underwear. The children also saw Goetz and the appellant, prior to marriage, sleeping together in a non-sexual manner, while the four were staying overnight in a motel room en route to Louisiana.

Pursuant to *W. Va. Code*, 48–10–12 [1981], the trial court ordered that both the husband, wife, and children undergo psychological evaluations, which were performed by Dr. William Fremouw. Dr. Fremouw was directed by the court to address three specific issues: the appellant's previous hospitalization, the children's exposure to Goetz in his underwear, the capabilities of each as a parent.

Following various psychological tests and interviews, Dr. Fremouw found that both parents are "relatively normal people without any major problems." He noted that both husband and wife agreed that the other was a good parent. Further, he stated that there were "no allegations of abuse or neglect" by either party. He inter-viewed the children who showed an equal amount of affection for both parents, but confirmed that their mother was the primary caretaker.

As for the trial judge's concerns about the appellant's prior hospitalization, Dr. Fremouw concluded that it was precipitated by the divorce. He further found that it was "an isolated episode and does not represent a continuing risk to her or a liability in her ability to care for her daughters."

As for the trial judge's concerns about Goetz, Dr. Fremouw concluded that the effect of seeing Goetz in his underwear and sleeping with their mother in a non-sexual manner "appears to have a minimal impact on them. . . . What they observed was no different than what young children would observe in terms of a married couple while traveling and sharing a double room."

In assessing their capabilities as parents, the appellant's only liability was that the children "would enter a new marital relationship, live in a new town, and live in an unknown community." The appellee's liability concerned his late work hours.

The trial judge found that the appellant is the primary caretaker. However, he found that she does not meet the minimum objective standards of behavior as a fit parent. In doing so, he found the appellant "neglected the infant children of the parties as shown by the record"; and "subjected the infant children of the parties to mental abuse as shown by the record."

I

■ "With reference to the custody of very young children, the law presumes that it is in the best interest of such children to be placed in the custody of their primary caretaker, if he or she is fit." Syl. pt. 2, *Garska v. McCoy*, 167 W.Va. 59, 278 S.E.2d 357 (1981).

In a divorce proceeding where custody of a child of tender years is sought by both the mother and father, the court must determine in the first instance whether the primary caretaker is a fit parent, and where the primary caretaker achieves the minimum objective standard

of behavior which qualifies him or her as a fit parent, the trial court must award the child to the primary caretaker.

Syl. pt. 6, *Garska v. McCoy*, 167 W.Va. 59, 278 S.E.2d 357 (1981).

■■■ The trial judge did not apply the presumption in favor of the appellant, the primary caretaker, because he found that the appellant did not meet the "minimum objective standard of behavior" due to abuse and neglect. Abuse and neglect were neither alleged by the husband, nor supported by the findings of the court-appointed psychologist. Syl. pts. 3, 4 and 5 of *Bickler v. Bickler*, 176 W.Va. 407, 344 S.E.2d 630 (1986) state:

3. 'In a divorce suit the finding of fact of a trial chancellor based on conflicting evidence will not be disturbed on appeal unless it is clearly wrong or against the preponderance of the evidence.' Syllabus Point 3, *Taylor v. Taylor*, 128 W.Va. 198, 36 S.E.2d 601 (1945).

4. 'Acts of sexual misconduct by a mother, albeit wrongs against an innocent spouse, may not be considered as evidence going to the fitness of the mother for child custody unless her conduct is so aggravated, given contemporary moral standards, that reasonable men would find that her immorality, *per se*, warranted a finding of unfitness because of the deleterious effect upon the child of being raised by a mother with such a defective character.' Syllabus Point 4, *J.B. v. A.B.*, 161 W.Va. 332, 242 S.E.2d 248 (1978).

5. 'The exercise of discretion by a trial court in awarding custody of a minor child will not be disturbed on appeal unless that discretion has been abused; however, where the trial court's ruling does not reflect a discretionary decision but is based upon an erroneous application of the law and is clearly wrong, the ruling will be reversed on appeal.' Syllabus Point 2, *Funkhouser v. Funkhouser*, 158 W.Va. 964, 216 S.E.2d 570 (1975).

Since the trial court's finding that the appellant did not meet the minimum objective standard of behavior due to abuse and neglect, conflicts with the statements of all interested parties, as well as the findings of the court-appointed psychologist, we reverse it as being clearly wrong.

Reversed and remanded.