377 S.E.2d 470

**Wanda Gloria HANSHAW, Appellee,**

v.

**Kenneth Ray HANSHAW, Appellant.**

No. 17908.

Supreme Court of Appeals of West Virginia.

Nov. 30, 1988.

Rehearing Denied Feb. 22, 1989.

Charles Phalen, Jr., St. Albans, for appellant.

Morton I. Taber, Robert G. Wolpert, Charleston, for appellee.

PER CURIAM:

This case is before this Court upon the appeal of Kenneth Ray Hanshaw from the July 8, 1986 final order of the Circuit Court of Kanawha County. The appellant contends that the trial judge abused his discretion when he awarded the appellee an amount of alimony greater than that recommended by the divorce commissioner. The appellant also challenges the entry of a judgment against the appellant for the amount of temporary relief that remained unpaid, contrary to the court's previous temporary relief order. We affirm.

In 1984, the appellee, Gloria Hanshaw, filed for divorce from the appellant, Kenneth Ray Hanshaw. The appellee, 37 at the time, was unemployed during their 19 years of marriage. The appellant earned roughly $25,000 per year at the time the divorce commenced. Their one child is emancipated.

The court issued a temporary relief order, effective May 9, 1984, the date of the first hearing on the matter, and submitted the case to the divorce commissioner for considerations concerning the final disposition of the marital property. During the temporary relief period, the wife was awarded exclusive use of the home and $500 per month temporary alimony.[1] The husband, however, in contravention of the order, resided in the marital home and re-

1. Counsel for both parties on appeal were not counsel for the parties below. This *nunc pro tunc* order is the first order contained in the record. A *nunc pro tunc* entry of an order is "an entry made now of something actually previously done to have effect of former date ... not to supply omitted action, but to supply omission in record of action really had but omitted through inadvertence or mistake." *Black's Law Dictionary,* p. 964 (5th ed.1979).

The appellant raises for the first time, on appeal, that the trial judge abused his discretion when in March, 1985, he entered a *nunc pro tunc* order relative to temporary relief as of May 9, 1984, the date of the first hearing on the matter. A general objection by appellant's trial counsel was contained in the order. However, for roughly one year following the order's entry, during which time the appellant was represented by counsel, at no time did the appellant bring the entry of the order in *nunc pro tunc* fashion to the trial court's attention, even though the trial court retained the authority to amend the order. *Caldwell v. Caldwell,* 177 W.Va. 61, 350 S.E.2d 688 (1986). Further, there is evidence in

the record, that during the temporary relief period the appellant partially complied with the order by making roughly one quarter of the temporary alimony payments (discussed *infra*).

General objections are not favored under *W.Va.R.Evid.* 103(a)(1). *State v. McFarland,* 175 W.Va. 205, 332 S.E.2d 217 (1985). F. Cleckley, *Handbook on Evidence for West Virginia Lawyers* § 3.9(c) (2nd ed. 1986). "The purpose of requiring a specific objection ... is to bring into focus the precise nature of the alleged errors so the trial court is afforded an opportunity to correct them." *Earp v. Vanderpool,* 160 W.Va. 113, 120, 232 S.E.2d 513, 517 (1977) (discussing the requirements of *W.Va.R.Civ.P.* 51, concerning instructional error). Since the appellant was represented by counsel for roughly one year after the order was entered and chose to partially comply with the order, rather than bring the issue to the trial court's attention, this Court will not exercise its discretionary authority to review the alleged error. Syl. pt. 2, *Earp, supra; Cochran v. Appalachian Power Company,* 162 W.Va. 86, 93–94, 246 S.E.2d 624, 629 (1978)

fused the wife access until May, 1985. During this period, the wife resided with relatives.

On September 4, 1985, the divorce commissioner recommended, among other things, that the appellee receive $250 per month alimony for a one-year period. He did not address the temporary relief previously ordered.

■ Counsel for both parties filed exceptions to the trial judge. A hearing was conducted where the appellant (at this point acting *pro se*) submitted a lengthy list of offsets surrounding his payment of one-half of all bills and loans concerning jointly held properties the two had acquired during the marriage and prior to divorce proceedings. The appellee excepted to the lack of findings by the divorce commissioner concerning the appellant's noncompliance with the temporary relief order. Both parties then submitted the case for decision. The trial judge included these statements in the evidence and issued a final order on June 25, 1986.[2]

The court adopted the Commissioner's findings regarding relief, with the exception of the Commissioner's finding concerning alimony. The court increased the appellee's alimony from the recommended $250 per month for one year to $500 per month for four years. This was based on the 37-year-old appellee's absence from the work force for the entire 19-year duration of the marriage.

The court then addressed the temporary relief previously ordered. The appellee had been displaced from the marital home, in contravention of the temporary relief order, for a 13-month period, beginning in May, 1984. During this period the appellee lived with relatives and the appellant contributed $450 toward her living expenses. The trial judge granted judgment against the appellant for $2,800, which represented

the fair rental value of the marital home, $250 per month for 13 months, $3,250, less the appellant's contribution of $450.

In similar fashion, contrary to the prior temporary relief order, the appellant failed to fully pay the appellee her previously awarded temporary alimony. The court entered judgment against the appellant in the amount of $5,975, representing sixteen months of unpaid temporary alimony at $500 per month, offset by $2,025 paid by the appellant during the temporary relief period.

■ The appellant contends that the trial judge abused his discretion by increasing the amount of alimony; granting judgment against the appellant for amounts representing his delinquency for temporary alimony; and granting judgment against the appellant for the fair rental value of the marital home for 13 months, contrary to the temporary relief order which awarded the appellee temporary exclusive use of the marital home.

'In a divorce suit the finding of fact of a trial chancellor based on conflicting evidence will not be disturbed on appeal unless it is clearly wrong or against the preponderance of the evidence.' Syllabus Point 3, *Taylor v. Taylor*, 128 W.Va. 198, 36 S.E.2d 601 (1945).

Syl. pt. 3, *Bickler v. Bickler*, 176 W.Va. 407, 344 S.E.2d 630 (1986).

■ First, the trial judge considered the only evidence of record concerning the appropriate level of alimony. Based on the appellee's 19-year absence from the work force, the financial status of the parties, and appellant's lack of additional dependents, the trial judge did not abuse his discretion in awarding the appellee $500 per month for four years. *W.Va. Code*, 48-2-16 [1984]. Syl. pts. 2 and 3, *Butcher v. Butcher*, 178 W.Va. 33, 357 S.E.2d 226 (1987).

("The almost universal rule is that an appellate court need not consider grounds of [an] objection not presented to the trial court. [citations omitted]".

**2.** The trial judge specifically states in the order that he adopted most of the findings and recommendations of the Commissioner. However, those findings and recommendations which he

did not adopt, he addressed in a separate memorandum and specifically incorporated by reference in the order. Since the findings contained in the Commissioner's recommendations and the court's memorandum were specifically incorporated by reference in the final order, contentions of the appellant that the order contains insufficient findings of fact, are not meritorious. *W.Va.R.Civ.P.* 52(a).

Second, the trial judge granted judgment on the amount of unpaid temporary alimony less the only clearly allowable offsets, i.e., the amount paid by the appellant, and granted judgment for the reasonable compensation due the appellee while she was displaced from the marital home contrary to the court's order. The appellant, *pro se*, submitted into the record, a detailed accounting of one-half payments of encumbrances and debts concerning various properties jointly owned by the two parties prior to submitting the case for a decision. In his order, the trial judge stated that he reviewed the record and granted only those clearly allowable offsets without the benefit of an additional hearing on the matters, as both parties submitted the case for a decision. Insofar as the alleged additional offsets sought by the appellant are payments for debts jointly incurred prior to the separation of the marriage, the trial judge did not err in refusing to further offset the amount of temporary alimony owed to the appellee by these sums.

Based on all the foregoing reasons, we find that the order of the Circuit Court of Kanawha County should be affirmed.

AFFIRMED.