376 S.E.2d 331

**Sherman L. LAMBERT, Sr., Appellee,**

v.

**Brenda M. LAMBERT, Appellant.**

**No. 18133.**

Supreme Court of Appeals of
West Virginia.

Dec. 20, 1988.

Charles F. Printz, Jr., Rice, Douglas &
Shingleton, Martinsburg, for appellant.

**318**

PER CURIAM:

This case is before the Court upon the appeal of Brenda M. Lambert from the May 26, 1987 final order of the Circuit Court of Jefferson County. We have before us the brief of the appellant and the original record designated by the appellant. *See W.Va.R.App.P.* 10(e) "Failure to File a Brief" (effective July 11, 1985). Since the record we have before us does not contain a full, final accounting of the couple's marital property, we reverse and remand the decision of the trial judge insofar as it concerns the equitable distribution of the property, and for consideration of reimbursement alimony pursuant to this Court's decision in *Hoak v. Hoak*, 179 W.Va. 509, 370 S.E.2d 473 (1988).

The Lamberts were married from 1981 until 1986. During the marriage the wife, an accountant, earned an average annual income of roughly $40,000 per year. From 1983 through 1985, the husband earned a total of roughly $3,400. During this period he attended law school. After law school, at an unspecified time in 1985, he formed a legal corporation, as a sole practitioner in Jefferson County, West Virginia. By at least May, 1987, the husband remained a sole practitioner; however, he had two offices in the Jefferson County vicinity.

The record is completely devoid of any meaningful accounting of the husband's contribution to the marital property from 1985 forward.* This appears to be the result of the husband's failure to fully honor a *subpoena duces tecum* and court order for discovery of his personal and corporate business records and income tax forms. The husband, as noted above, also failed to file a brief on the matter. The husband, much to the disbelief of the trial judge, testified that he had no personal knowledge of his net worth beyond $800 per month "salary" from his legal corporation. Based upon the record as it currently exists, this figure does not include funds placed in a corporate trust account of the corporation's share of personal injury set-

tlements and verdicts. Nor does it include the husband's monthly salary as a municipal judge.

In its final order of May 26, 1987, the trial court awarded custody of the couple's six-year-old son to the wife and ordered the husband to pay $416.67 per month for child support. Based upon this limited accounting of the marital property, to effect the purposes of equitable distribution, the court awarded each party the personal property in each party's possession at the time of the order. No realty was accumulated during the marriage.

The trial court would not admit evidence offered by the wife that: she supported her husband during law school for the purpose of their mutual economic benefit; following law school, she provided "seed capital" for her husband to open his law practice through cash advances for furniture and the payroll of his legal staff; she further provided gratuitous accounting services for the legal corporation. The evidence was offered for the purposes of determining either the proper division of marital property pursuant to *W.Va.Code*, 48–2–32 [1984] or for reimbursement alimony.

In syllabus point 1 of *Hamstead v. Hamstead*, 178 W.Va. 23, 357 S.E.2d 216 (1987), *overruled on other grounds, Roig v. Roig*, 178 W.Va. 781, 364 S.E.2d 794 (1987), this Court held:

> *W.Va.Code*, 48–2–33 [1984], requires a full disclosure of one spouse's financial assets to the other spouse at the time of divorce, and contemplates a meaningful hearing on the subject of equitable distribution of property at which the spouse submitting financial data may be cross-examined concerning the nature, origin and amount of assets.

The lack of a meaningful record below concerning the full amount of marital property, due primarily to an officer of the court's failure to fully comply with a *subpoena duces tecum* and court order, is not only disturbing but makes judicial review

---

* "Marital property" is defined as "[a]ll property and earnings acquired by either spouse during a marriage ..." *W.Va.Code*, 48–2–1 [1986] and is

equitably distributed pursuant to *W.Va.Code*, 48–2–32 [1986].

of the trial court's decision very difficult. This difficulty is further compounded by the lack of a brief by the appellee.

 We therefore remand the case to the Circuit Court of Jefferson County for the purpose of attaining a full final accounting of the marital property. After such accounting is completed, the trial court should consider evidence of the wife's contributions, if any, to her husband's business as one of the factors in determining the equitable distribution of the marital property pursuant to *W.Va.Code*, 48-2-32(c)(2)(C) and 48-2-32(d)(7)(C) [1984].

 If not otherwise reflected in the equitable distribution of the marital property, the trial judge should consider the wife's contributions to her husband's legal education under *Hoak v. Hoak*, 179 W.Va. 509, 370 S.E.2d 473 (1988). In *Hoak*, rather than treating the degree as intangible marital property subject to equitable distribution, this Court adopted the remedy of reimbursement alimony. As noted in *Hoak*, reimbursement alimony is distinct from traditional alimony and equitably distributed marital property. It provides for reimbursement of supporting spouses who contribute to the professional education of student spouses with the expectation of the couple jointly reaping the benefits of the professional degree. Reimbursement alimony is usually appropriate when the benefits of the professional degree for the supporting spouse are not evinced in the distribution of marital property because the parties, as in *Hoak*, have divorced shortly after the student spouse has completed his professional education. At this stage, the couple has not begun to reap the economic benefits of the degree that would otherwise appear as increased marital property, which, in turn, would be equitably distributed. The decision to make such an award will depend on numerous factors, to be determined by the trial judge, including the degree to which the equitable distribution of marital property, once fully ascertained, already reflects such a reimbursement. *Hoak*, 179 W.Va. at 184, 370 S.E.2d at 478. As noted in *Hoak*, the decision to award such alimony and the manner in which the

award is calculated rests within the sound discretion of the trial judge.

The appellant also assigns as error the trial judge's ruling that awarded her a 1979 Volvo automobile and her husband a 1972, inoperable Mercedes–Benz automobile. Based upon the facts we have before us, we cannot conclude that the trial judge was clearly wrong. Syl. pt. 3, *Bickler v. Bickler*, 176 W.Va. 407, 344 S.E.2d 630 (1986); syl. pt. 3, *Taylor v. Taylor*, 128 W.Va. 198, 36 S.E.2d 601 (1945).

Based upon the foregoing, we reverse, in part, the May 26, 1987 final order and remand the case to the Circuit Court of Jefferson County for the purpose of attaining a full and final accounting of the marital property to determine its equitable distribution between the parties, and for the trial court's consideration of the appellant's evidence for reimbursement alimony.

AFFIRMED, IN PART; REVERSED, IN PART; AND REMANDED.