432 S.E.2d 203

**Timothy CHANNELL, Plaintiff Below, Appellee,**

v.

**Teresa CHANNELL, Defendant Below, Appellant.**

**No. 21365.**

Supreme Court of Appeals of West Virginia.

Submitted May 4, 1993.

Decided June 24, 1993.

John M. Butler, St. Marys, for appellant.

Robert C. Hicks, Sistersville, for appellee.

PER CURIAM:

This action is before this Court upon an appeal from the March 10, 1992, order of the Circuit Court of Tyler County, West Virginia, which granted the parties a divorce upon the grounds of irreconcilable differences. The circuit court awarded custody of the parties' child, Cassie Yvonne Channell, who was born on June 24, 1985, to the appellee, Timothy Channell. The primary issues raised on appeal by the appellant, Teresa Channell, are as follows: (1) the trial court erred in failing to find that the appellant was the primary caretaker of the parties' child; (2) the trial court erred in granting custody of the parties' child to the appellee; and, (3) the trial court erred in denying the appellant an alimony award. This Court has before it all matters of record and briefs of counsel. For the reasons stated below, the decision of the circuit court is affirmed.

I

The parties were married on May 26, 1984, in Tyler County, West Virginia. The couple resided with the appellee's parents. One child was born of the marriage, Cassie Yvonne. During the marriage, both parties sporadically worked outside the home. The parties relied on the appellee's parents for financial support and assistance with Cassie.

The appellee sought a divorce from the appellant on July 5, 1991, and a pendente lite hearing was held on August 1, 1991. An agreed temporary order was submitted

and the temporary arrangement designated that the appellant was to have temporary custody of Cassie, subject to reasonable visitation by the appellee.

The final hearing was held on September 19, 1991, before the family law master on the contested issues of custody, alimony and equitable distribution. Throughout this hearing the appellant maintained that she was the primary caretaker of Cassie. The appellee contested the appellant's contention that the appellant was the primary caretaker, and he asserted that he equally shared in the role of caretaker for Cassie. The family law master heard the testimony of both the parties and the appellee's parents, Olin and Rosa Channell.

On November 30, 1991, the family law master submitted a recommended order to the circuit court. The family law master recommended that the appellee be awarded custody of Cassie, subject to the appellant's right of reasonable visitation. The family law master further recommended denying either party alimony.

On December 11, 1991, the appellant took exception to the recommended decision. The circuit court reviewed the family law master's recommended decision and entered an order on March 10, 1992, affirming the recommendations of the family law master.

It is from the March 10, 1992, order of the circuit court that the appellant appeals to this Court.

II

First, the appellant contends that the trial court erred in failing to find that the appellant was the primary caretaker of the parties' child, Cassie.

■ Many of the legal guidelines for establishing custody are set forth in *Garska v. McCoy*, 167 W.Va. 59, 278 S.E.2d 357 (1981). In syllabus point 3 of *Garska*, we defined the primary caretaker as "that natural or adoptive parent who, until the initiation of divorce proceedings, has been primarily responsible for the caring and nurturing of the child." It is then the trial court's responsibility to make the determi-

nation as to which parent is the primary caretaker. *Id.* at syl. pt. 4. The *Garska* case addressed the factors to be considered by the trial court in making the determination. The law presumes, in reference to custody of young children, that it is in the best interests of such children to be placed in the custody of the primary caretaker. *Id.* at syl. pt. 2. However, in syllabus point 5 of *Garska* we pointed out: "If the trial court is unable to establish that one parent has clearly taken primary responsibility for the caring and nurturing duties of a child neither party shall have the benefit of the primary caretaker presumption."

■ In the instant case, the trial court found that the parties were equally responsible for the caring and nurturing duties of the child. The trial court further found that the parties relied upon the appellee's parents for financial assistance and transportation for the child's shopping and medical needs and stability and guidance to compensate for deficiencies exhibited by both parties when carrying out their parental roles. Specifically, the trial court found, and we agree, that neither party is entitled to the status of primary caretaker, and therefore, the issue of custody properly rests on the best interests of the child. *See, e.g., Dempsey v. Dempsey*, 172 W.Va. 419, 420, 306 S.E.2d 230, 231 (1983) ("In view of the fact that the primary caretaker presumption was inapplicable, the trial judge turned to a determination of which parent was better suited to have custody of [the child]. The best interests of the child must be the court's guide in this determination.") *See also Loudermilk v. Loudermilk*, 183 W.Va. 616, 618, 397 S.E.2d 905, 907 (1990); *T.C.B. v. H.A.B.*, 173 W.Va. 410, 412, 317 S.E.2d 174, 176 (1984); *W.Va. Code*, 48-2-15 [1992].

■ This finding then leads us to the appellant's second point of contention. The appellant contends that the trial court erred in granting custody of the child to the appellee.

When a trial court finds that: (1) there is no primary caretaker parent before divorce; (2) both parents are fit parents; and, (3) both parents live geographically

close to one another, it is not error to award legal custody to one parent but to allow visitation to the other parent during each alternate week of the year.

Syl. pt. 1, *Loudermilk, supra.*

As previously discussed, there was no primary caretaker, but rather, the parents shared the parenting duties. Further, we can assume that both parents are fit custodians in that there was no finding to the contrary. Finally, the family law master found that the marital home, where the appellee is to reside, was adjacent to the home of the appellee's parents; and, at oral argument before this Court, the appellant stated that she now lives approximately one and one-half miles away from the appellee. Moreover, the family law master recommended an award of custody to the appellee, subject to the appellant's right of reasonable visitation.

Evidence presented before the family law master suggested that the appellee would soon be starting a job with GAP Vacuum Services which consisted of twelve-hour work days, with at least forty hours per week, plus some traveling would be required. The appellee testified that his parents would assist him in caring for the parties' daughter.

As a result, the trial court held that the best interests of the child would be served by awarding custody to the appellee, and the appellee's parents would be available to offer support and guidance where Cassie was concerned. The appellant argues that the effect of the trial court's ruling is that custody of the child has actually been placed with the appellee's parents. We disagree.

It was determined that the best interests of the child would be served by awarding custody to the appellee. The evidence presented certainly established the fact that the appellee's parents were an integral part of the parties' lives and their daughter's life. The trial court was of the opinion that it was in the best interest of Cassie to live with her father and in close proximity to her grandparents, so that she may enjoy the benefit of her father's care as well as the love and guidance from her grandparents.

■ This Court has consistently recognized, as stated in the syllabus of *Nichols v. Nichols,* 160 W.Va. 514, 236 S.E.2d 36 (1977), that: "Questions relating to alimony and to the maintenance and custody of the child are within the sound discretion of the court and its action with respect to such matters will not be disturbed on appeal unless it clearly appears that such discretion has been abused."

■ Based upon the foregoing evidence, this Court cannot say that the trial judge abused his discretion in finding that neither party was entitled to the status of primary caretaker and granting custody of the child to the appellee. While it is true that the trial court noted, in its final decision, the appellee's parents were a stabilizing influence in Cassie's life, ultimately the trial court granted custody to the appellee. *See Efaw v. Efaw,* 184 W.Va. 355, 359, 400 S.E.2d 599, 603 (1990) ("The children presently reside with their father in a home located a short distance from the home of their grandparents.... The children enjoy the benefit not only of their father's care, but also receive love and guidance from their paternal grandparents.... To remove the children from such an established environment would jeopardize their emotional stability[.]")

■ The appellant's final point of contention is that the trial court erred in denying the appellant alimony. According to the evidence submitted, the parties relied upon the appellee's parents for financial support; and during the marriage, the parties enjoyed only sporadic employment. Furthermore, the family law master was of the opinion that neither party had a greater income earning ability than the other. Therefore, based upon the evidence and the factors set forth in *W.Va.Code,* 48–2–16(b) [1984], we do not believe the trial court abused its discretion by denying the appellant an alimony award. *See Nichols, supra.*

In conclusion, the wants and needs of the parties are secondary to this Court's pri-

mary concern which is the best interests of the child. Thus, after a thorough review of the record and the arguments of counsel, we hold that the best interests of the child would be served by awarding custody to the appellee. We further uphold the trial court's ruling denying the appellant an alimony award.

For the foregoing reasons, the judgment of the Circuit Court of Tyler County is affirmed.

Affirmed.