502 S.E.2d 450

**Neal Anthony HACKWORTH, Appellee,**

v.

**Lisa Anne HACKWORTH, Appellant.**

No. 24133.

Supreme Court of Appeals of
West Virginia.

Submitted Jan. 20, 1998.

Decided May 8, 1998.

John A. Mosesso, H. Gerard Kelley, Philippi, for Appellee.

Christina J. Bush, Ronning, Palmer & Titus, Parkersburg, for Appellant.

PER CURIAM:[1]

This divorce action is before this Court upon an appeal from a final order of the Circuit Court of Barbour County entered on December 20, 1995. Lisa Hackworth, the appellant, contends that the circuit court erred in granting custody of the parties' minor child to the appellee, Neal Hackworth, and in finding that the parties had reached an agreement regarding the division of their marital property. For the reasons set forth below, we affirm the final order.

## I.

The parties were married on June 22, 1990, and separated in September 1993. One child was born during the marriage. In November 1993, appellee filed a complaint for separate maintenance which was amended and converted to a divorce action in September 1994. At the final divorce hearing on March 22, 1995, both parties sought custody of their minor child[2] and a division of their marital property.

Both parties testified that the appellant stayed home and cared for their child during the first six to nine months after her birth. Thereafter, appellant returned to work. Appellee maintained that after the appellant returned to work, he cared for the child seventy percent of the time. Appellant testified that the parties split the child care duties evenly. With respect to marital property, the evidence indicated that the parties owned two automobiles and some household furniture.

The family law master issued an order on March 28, 1995, finding that although both parties presented evidence tending to prove that each was the primary caretaker of the child prior to their separation, the testimony was inconclusive, and therefore, custody could not be decided on the basis of the primary caretaker presumption. Accordingly, the family law master recommended that it was in the best interest of the child for the appellee to be granted sole custody and the appellant to be granted reasonable visitation.[3] Notwithstanding that some minor disagreement existed, the family law master also found that the parties had reached an agreement regarding distribution of their marital property. The circuit court adopted the family law master's recommendation on April 10, 1995.[4]

## II.

The applicable standard of review is set forth in Syllabus Point 1 of *Burnside v. Burnside*, 194 W.Va. 263, 460 S.E.2d 264 (1995). *See also* Syllabus Points 1, 3, *Stephen L.H. v. Sherry L.H.*, 195 W.Va. 384, 465 S.E.2d 841 (1995). The appellant contends that the trial court abused its discretion by failing to award her the benefit of the primary caretaker presumption. In Syllabus Point 5 of *Garska v. McCoy*, 167 W.Va. 59, 278 S.E.2d 357 (1981), we held that: "If the trial court is unable to establish that one parent has clearly taken primary responsibility for the caring and nurturing duties of a child neither party shall have the benefit of the primary caretaker presumption." *See also* Syllabus Point 4, *Michael Scott M. v. Victoria L.M.*, 192 W.Va. 678, 453 S.E.2d 661 (1994); Syllabus Point 1, *T.C.B. v. H.A.B.*, 173 W.Va. 410, 317 S.E.2d 174 (1984).

In this case, there was some evidence that each party was the primary caretaker of the child. This conclusion is buttressed by the fact that the appellant testified that the

1. We point out that a per curiam opinion is not legal precedent. *See Lieving v. Hadley*, 188 W.Va. 197, 201 n. 4, 423 S.E.2d 600, 604 n. 4 (1992).

2. At the time of the final hearing, the child was four years old.

3. The child had been in the appellee's custody since the parties had separated, but appellant had visited the child.

4. The appellant's copy of the recommended order was sent to the wrong address. As a result, no objections were filed before the circuit court entered the recommended order. Once appellant received notice of the order, she sought legal representation and filed a motion requesting to be relieved from the April 10, 1995, order. Her motion was denied, but the family law master did enter an order allowing appellant to file a Petition for Review. As reflected in the final order, the circuit court denied the Petition for Review as being without merit. This appeal followed.

parties split the child care duties "50/50." Therefore, the trial court did not abuse its discretion by concluding that neither party was entitled to the primary caretaker presumption.

 When the primary caretaker presumption is inapplicable, the court must determine which parent is better suited for custody based on what is in the best interests of the child. *T.C.B. v. H.A.B.*, 173 W.Va. at 412, 317 S.E.2d at 176. The trial court did not abuse its discretion in finding that it was in the best interests of the child for the appellee to be granted custody. The record is also absent any indication that the trial court abused its discretion with respect to the division of marital property.

Based upon all of the above, the final order of the Circuit Court of Barbour County is affirmed.

Affirmed.