327 S.E.2d 149

**Loraine E. THOMAS**

v.

**Samuel A. THOMAS.**

**No. 16442.**

Supreme Court of Appeals of West Virginia.

Feb. 28, 1985.

---

James H. Wolverton, Richwood, for appellant.

Joseph P. Henry, W.Va. Legal Services Plan, Inc., Charleston, for appellee.

PER CURIAM:

The appellant, Loraine E. Thomas, appeals from a final order of the Circuit Court of Nicholas County transferring custody of five of her children to her former husband, Samuel A. Thomas. The appellant argues that the evidence adduced in this case did not support the change of custody. We disagree, and we affirm the decision of the Circuit Court of Nicholas County.

The appellant and Samuel Thomas were divorced by order dated December 9, 1981. Pursuant to an agreement entered into by the parties prior to the divorce the appellant was awarded custody of the parties' five younger children and Mr. Thomas, the appellee, was awarded custody of the two older children.

In July of 1982, Samuel Thomas filed a petition to modify the final divorce decree and grant him custody of the five children whose custody was previously awarded to his former wife. The petition charged the appellant with failing to provide adequate housing for the children, raising them in an immoral atmosphere, failing adequately to care for and supervise them, and being unfit to have custody.

Hearings on the modification petition were held, following which, the court granted a change of custody. The appellant appeals from this final order.

At the hearings held to determine whether a change of custody was warranted, evidence was introduced which, though conflicting, indicated that the appellant's boyfriend lived with her and the children following the divorce. There was evidence that the boyfriend, Fred Hinkle, was convicted of child abuse of one of the children and that he served time in the county jail on that conviction. There was also evidence that he smoked marijuana in front of the children and that the appellant had used support money from her former husband to repair Mr. Hinkle's motorcycle.

Various witnesses testified about the substandard housing the appellant kept the children in and about her relationship with Mr. Hinkle which apparently led to the appellant neglecting to supervise the chil-

dren. In this regard, there was evidence that the five-year-old son of the parties, Bryan, was seen playing without adult supervision on a county road and that one of the appellant's male friends had given beer to Bryan to drink.

At the hearings, four of the children, ages 14, 13, 11 and 8 expressed a desire to live with their father. The fifth child, Bryan, age 5, did not testify.

In addition to evidence about the appellant, there was evidence that Mr. Thomas had remarried and that he and his new wife kept a decent home which, though crowded, served the needs of all the children. There was also evidence that the children's performance in school improved when they went to live with their father and that they were properly supervised and taken care of when they were with him.

■ In *Garska v. McCoy*, 167 W.Va. 59, 278 S.E.2d 357 (1981), we held that the custody of a very young child should be with the primary caretaker if he or she meets a minimum, objective standard of behavior which qualifies him or her as a fit parent. This rule, urged by the appellant as the proper test in this case, applies only to an initial custody award.

■ In cases involving change of custody we have repeatedly recognized that:

To justify a change of child custody, in addition to a change in circumstances of the parties, it must be shown that such change would materially promote the welfare of the child. Syllabus Point 2, *Cloud v. Cloud*, 161 W.Va. 45, 239 S.E.2d 669 (1977).

*Also see, Porter v. Porter*, 171 W.Va. 157, 298 S.E.2d 130 (1982); *Horton v. Horton*, 164 W.Va. 358, 264 S.E.2d 160 (1980); *Holstein v. Holstein*, 152 W.Va. 119, 160 S.E.2d 177 (1968); *Pugh v. Pugh*, 133 W.Va. 501, 56 S.E.2d 901 (1949).

■ In the case before us the circuit court found that the circumstances of the parties had changed substantially since entry of the divorce decree and that a change in custody would benefit the children. Our rule regarding such findings is:

The findings of the trial chancellor, based on conflicting evidence, will not be disturbed on appeal unless such findings are clearly wrong or against the preponderance of the evidence. Syllabus Point 4, *Ball v. Ball*, 154 W.Va. 739, 179 S.E.2d 221 (1971).

■ It is well established in this jurisdiction that the paramount and controlling factor in custody cases is the welfare and protection of the child. As a corollary to this rule, we stated in Syllabus Point 4 of *Murredu v. Murredu*, 160 W.Va. 610, 236 S.E.2d 452 (1977):

In a contest involving the custody of infant children, their welfare is the guiding principle by which the discretion of the trial court will be controlled and on appeal, its determination of custody will not be set aside unless there was a clear abuse of discretion.

■ It is clear from the record before us that the trial judge did not abuse his discretion in ordering a change of custody in this case. There was evidence that the appellant neglected the children, that she allowed a man who smoked marijuana and mistreated the children to live with her, and that the appellant's home was dirty and lacking heat and water. Under the circumstances we cannot conclude that the court abused its discretion in ordering a change of custody.

■ In addition, we note that the four older children whose custody had been given to their mother testified that they preferred living with their father. The court was entitled to give this testimony the weight he felt appropriate under *Garska v. McCoy, supra*. Although the court expressed some reservation about the children's testimony, he ultimately decided to heed the children's desires and change their custody. Having ample opportunity to observe the children and their demeanor, it was not an abuse of discretion for him to do so.

Accordingly, the judgment of the Circuit Court of Nicholas County is affirmed.

Affirmed.